## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOAN K. STRUNK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 04-1106-WEB |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the | ) | |
| Social Security Administration | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

Plaintiff seeks judicial review of the Defendant's decision to deny Disability Insurance benefits under Title II. A review of the record reveals that plaintiff filed for these benefits on May 7, 2002, reporting an inability to work since October 1, 1999. ( R. at 13). A hearing was held in front of administrative law judge (ALJ) Rima III on August 21, 2003. Id. At the time of the hearing plaintiff was 48 years old. (Id.). The ALJ followed the five-step sequential analysis found at 20 C.F.R. § 404.1520. (Id. at 14).

According to the ALJ, the medical evidence established that plaintiff has medically determinable severe impairments of obesity, arthritis in the knees and diabetes. (Id. at 16). Under step three, the ALJ found that these impairments do not meet or equal those impairments listed in Appendix 1. (Id.). Based on the residual functioning capacity (RFC) established by the ALJ, plaintiff could not perform past relevant work, but could perform other work in the national economy. (Id. at 17, 18). A decision denying plaintiff benefits was issued on October 31, 2003. (Id. at 20).

Plaintiff argues the ALJ erred on three occasions.  First, the ALJ failed to properly analyze plaintiff's impairments of carpal tunnel syndrome and back pain by determining that the conditions were not severe and ceasing analysis at step two.  Second, the ALJ failed to accord proper weight to plaintiff's testimony in deriving the RFC.  Finally, the ALJ failed to properly consider plaintiff's obesity when formulating plaintiff's RFC.

## I.  Standard

The Court must affirm the Commissioner's final decision if it is supported by substantial evidence. 42 U.S.C. § 405(g); *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2002).  Substantial evidence is 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias v. Secretary of HHS,* 933 F.2d 799, 800 (10th Cir. 1991) quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Our role is not to reweigh the evidence or substitute our judgment for that of the Commissioner. *White*, 287 F.3d at 905.  The Commissioner's decision is not subject to such deference and reversal may be appropriate if the Commissioner applied an incorrect legal standard. *Casias*, 933 F.2d at 801.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  42 U.S.C. § 423(d)(1)(A).  The claimant's physical or mental impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of SGA which exists in the national

economy.   42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process to determine disability . If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  20 C.F.R § 404.1520(a)(4).  At step one, the agency will find non-disability if claimant is engaged in SGA.  20 C.F.R § 404.1520(a)(4)(i).  At step two, the claimant must show a severe disability. 20 C.F.R § 404.1520(a)(4)(ii).  A severe disability is defined as an impairment which significantly limits a claimant's physical or mental ability to do basic work activity.  20 C.F.R § 404.1520(c).  At step three, the agency determines whether the severe impairment meets or equals the impairments and the duration requirements in Appendix 1 of 20 C.F.R. and if it does, the claimant will be found disabled. 20 C.F.R § 404.1520(a)(4)(iii).  If the impairment does not meet the standards in step three, the agency continues to step four and assesses whether the claimant can do her previous work and if so, then she will not be disabled.  20 C.F.R § 404.1520(a)(4)(iv).  At step five, the agency considers a claimant's RFC, age, education and past work experience to determine if claimant is capable of performing other work in the national economy.  20 C.F.R § 404.1520(a)(4)(v).

The claimant bears the burden of proof through step four of the analysis. *Nielson v. Sullivan,* 992 F.2d 1118, 1120 (10th Cir. 1993).  At step five, the burden shifts to the agency.  *Id.*  Before going from step three to step four, the agency must assess the claimant's RFC.  20 C.F.R § 404.1520(a)(4).

## II.  Carpal Tunnel Syndrome and Back Impairment and Step Two

Plaintiff argues that the ALJ failed to properly analyze plaintiff's carpal tunnel and back impairments by determining that the conditions were not severe and ceasing analysis at step two.  At step two, the ALJ

must apply a de minimus standard to determine whether an impairment significantly limits the claimant's ability to do basic work activity. *Williams v. Bowen,* 844 F.2d 748, 751 (10th Cir. 1988); *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997); 20 C.F.R. § 404.1520(c). Basic work activity includes walking, standing sitting, lifting, carrying, and reaching. 20 C.F.R. § 404.1521(b).

"A determination that an individual's impairment(s) is not severe requires a careful evaluation of the medical findings that describe the impairment(s) (i.e., the objective medical evidence and any impairment-related symptoms)...". SSR 96-3p. Symptoms like pain will be found to affect a claimant's ability to do basic work activities if there is objective medical evidence showing a medically determinable impairment and that impairment could reasonably be determined to produce the pain. Id.

The objective medical evidence shows that plaintiff suffers from minimal spondylosis in the midlumbar spine and osteophytes along the anterior aspect of C6. (R. at 113, 216). Additionally, the plaintiff testified extensively about physical limitations due to back pain. (Id. at 271-272).

In a brief paragraph, the ALJ noted the objective medical evidence showing a back impairment and complaints of back pain. (Id. at 16). The ALJ found that plaintiff's back impairment was not severe. (Id.). The ALJ does not explain why plaintiff's back impairment does not significantly limit her ability to do basic work activities. 20 C.F.R. § 404.1520(c); *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). The absence of any discussion cannot be described as careful evaluation as required by SSR 96-3. On remand, the ALJ shall show in step two that he carefully evaluated the objective medical evidence and impairment related symptoms regarding plaintiff's back impairment.

Plaintiff also argues that the ALJ did not properly consider her carpal tunnel impairment in step two. "The ALJ has the duty to develop the record by obtaining pertinent, available medical records which come

4

to his attention during the course of the hearing." *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996).

An ALJ is under an obligation to order a consultative examination when additional evidence is needed if

there is "some objective evidence in the record suggesting the existence of a condition which could have

a material impact on the disability decision requiring further investigation." *Hawkins v. Chater,* 113 F.3d

1162, 1167 (10th Cir. 1997). Additionally, "any party may raise a new issue; an issue may be raised even

though it arose after the request of a hearing and even though it has not bee considered in an initial or

reconsidered determination." 20 C.F.R. § 404.946(b).

Plaintiff raised the issue of carpal tunnel syndrome in her request for hearing by administrative law

judge on December 18, 2002. (R. at 34). Plaintiff then testified at the August 2003 hearing that Dr. Lewis

diagnosed her with carpal tunnel syndrome in 1995 and she received treatment but she still has numbness

and tingling in her fingers. (Id. at 272-273). In his decision, the ALJ mentions wrist pain once while

reviewing plaintiff's allegations. (Id. at 14). There is no statement showing a careful evaluation of the

carpal tunnel impairment required in step two nor did the ALJ request Dr. Lewis' medical records or

develop the record in any other meaningful way. See 96-3p. On remand the ALJ will fulfill his duty to

develop the record to explore in greater detail plaintiff's allegations of carpal tunnel impairment;

furthermore, the ALJ shall evaluate plaintiff's carpal tunnel impairment under the standards set out in SSR

96-3p. *Carter*, 73 F.3d at 1022.

<u>III. Credibility Analysis</u>

Plaintiff argues that the ALJ failed to conduct a proper credibility analysis regarding plaintiff's pain

allegations because he: 1) did not consider the entire record and 2) relied too much on plaintiff's daily

activities.  These errors allegedly resulted in an incorrect determination of plaintiff's RFC.

> In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:
> > 1.  The individual's daily activities;
> > 2.  The location, duration, frequency, and intensity of the individual's pain or other symptoms;
> > 3.  Factors that precipitate and aggravate the symptoms;
> > 4.  The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> > 5.  Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> > 6.  Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 or 20 minutes every hour, or sleeping on a board); and
> > 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  SSR 96-7p.

Plaintiff argues that the ALJ did not consider the entire record of objective medical evidence in the credibility analysis.  To support his argument, plaintiff states,  "allegations concerning the intensity and persistence of pain or other symptoms may not be disregarded solely because they are not substantiated by objective medical evidence."  Id.

The ALJ discussed the objective medical evidence in the pages before the credibility determination and found three severe impairments.  (R. at 14-16).  In the paragraph preceding the credibility discussion, the ALJ cited SSR 96-7p and stated he will consider any objective medical evidence.  (Id. at 17).  There is nothing in the credibility decision that shows that the ALJ disregarded the objective medical evidence.  Essentially, plaintiff disagrees with the outcome and asks the court to re-evaluate the evidence, giving more weight to objective medical evidence to find plaintiff's statements more credible.  The Court "will not

reweigh the evidence or substitute our judgment for that of the Secretary." *White*, 287 F.3d at 905.

The credibility determination is also supported by plaintiff's daily activities and plaintiff's work after the onset of the alleged disability. See *Claassen v. Heckler,* 600 F. Supp. 1507, 1511 (D. Kan. 1985)(Where ALJ does not fully believe Plaintiff's subjective testimony, he is required to make specific findings and state his reasons).

The record shows that plaintiff worked two jobs after she claims she became afflicted with her disabilities on October 1, 1999. (R. at 17). Plaintiff worked at a temporary job with the Census Bureau from April to June in 2000 and she worked as a dog bather from July 2000 to April 2002. (Id. at 64, 84, 132). The ALJ can consider actual work, even if not substantial gainful employment, as a factor in the credibility analysis. *Jesse v. Barnhart*, 323 F. Supp. 2d 1100, 1106 (D. Kan. 2004); See also *Williams v. Chater*, 923 F. Supp. 1373, 1379 (D. Kan. 1996)(Evidence of employment during a period of alleged disability is highly probative of claimant's ability to work). The ALJ did not err by considering this in determining the credibility of plaintiff's pain allegations.

The ALJ also relied on plaintiff's daily activities to show that plaintiff is not as limited as she alleges. Plaintiff stated that she is unable to stand at a wall telephone for more than five minutes; however, her daily activities show she can perform a variety of activities that require standing, bending, lifting and walking. Plaintiff performs household chores, laundry, cooks for 30 minutes to two hours, grocery shopping, drives, gardens, and cares for pets. While evidence that a claimant engages in limited activities does not establish ability to work, such evidence may be considered along with other evidence, in considering entitlement to disability benefits. *Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir. 1988). The Court finds that the ALJ's credibility determination is supported by plaintiff's daily activities and work history. *Casias*, 933

7

F.2d at 801 (We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility).  However, any credibility determination may have to be adjusted on remand after the ALJ re-evaluates plaintiff's carpal tunnel impairment as discussed earlier.

## IV. Obesity in Assessing Plaintiff's RFC

Plaintiff argues that the ALJ failed to consider her obesity when calculating the RFC in violation of SSR 02-1p.  Social Security Regulation 02-1p states, "we will consider any functional limitations resulting from the obesity in the RFC assessment..." and "[a]n assessment should also be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment."  SSR 02-1p.

The ALJ cited five different instances where doctors have stated that plaintiff is obese or needs to lose weight.  (R. at 15, 16).  This included a statement by a physician stating "the claimant had limited range of motion in the areas tested mainly due to obesity."  (Id. at 16).  In his analysis in step three, the ALJ stated "[i]t is noted that obesity may contribute to the pain.  However, she reported that she is able to engage in activities, with minimal limitations".  (Id.).  When describing how the ALJ was to ascertain the RFC, the ALJ cited SSR 96-2p and SSR 96-6p and stated that he would consider any medical opinions, which are statements from acceptable medical sources, which reflect judgments about the nature and severity of the impairments and resulting limitations.  (Id. at 17).

The paragraph describing plaintiff's RFC states:

Accordingly, the undersigned finds the claimant retains the following residual functional capacity: The claimant can perform sedentary work, which involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools.  The claimant

can stand and/or walk 2 hours in an 8 hour workday, and sit 6 hours in an 8 hour workday.  She can stoop, kneel, and crouch occasionally.  She cannot climb ladders, ropes and scaffolds.  The claimant must avoid concentrated exposure to extreme cold.  (Id.).

The ALJ does not specifically name any of the three severe impairments in this paragraph but this does not mean that the ALJ failed to take them into account.  The ALJ's decision appropriately includes a discussion of the objective medical evidence regarding obesity as well as an explaining the effects of plaintiff's pain and her ability to work.  See 96-8p(narrative discussion requirements); (R. at 14-17).

The plaintiff also argues that the ALJ erred by including plaintiff's temporary weight loss into the RFC calculation.  The ALJ commented that "...claimant has lost over 40 pounds, which more likely than not, will give her even more mobility".  (R. at 17).  The comment is inappropriate because the agency "will consider that obesity has medically improved if an individual maintains a consistent loss of at least 10 percent of body weight for at least 12 months".  SSR 02-1p.  The evidence shows that 36 pounds of plaintiff's weight loss had come only recently in the last six months.  (R. at 15).  There is no evidence in the record that plaintiff has maintained the loss of weight for at least 12 months; therefore, the ALJ should not have used it to calculate plaintiff's RFC.

On remand, the ALJ shall not include any temporary weight loss in the RFC calculation.  Additionally, the RFC may need to be adjusted depending on the ALJ's analysis of plaintiff's carpal tunnel impairments as discussed earlier in this opinion.

It is therefore ORDERED that the decision of the Defendant denying benefits to Plaintiff be REVERSED, and the matter be REMANDED under the fourth sentence of 42 U.S.C. §405(g) to re-evaluate plaintiff's impairments under step two and re-determine plaintiff's RFC.

SO ORDERED this 24th day of January 2005.

s/ Wesley E. Brown

Wesley E. Brown, U.S. Senior District Judge